# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| RICKY L. THOMASON and ) | |
| LESLIE ROXANNE THOMASON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. CV-04-S-2650-NW |
| ) | |
| CANAL BARGE COMPANY, INC. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiffs, Ricky L. Thomason and Leslie Roxanne Thomason, commenced this action in the Circuit Court of Colbert County, Alabama, on January 26, 2004, alleging that Ricky Thomason was injured in a catastrophic tugboat collision that occurred on the Tennessee River on April 28, 2003. Defendant, Canal Barge Company, Inc., the owner and operator of the tug and tow that collided with the vessel on which Ricky Thomason then was working, removed the action on September 2, 2004. The case now is before the court on plaintiffs' motion to remand.

## I. FACTS AND PROCEDURAL HISTORY

On the date of the events giving rise to this action, Ricky Thomason ("Ricky") was employed as a member of the crew for the Tugboat "Buckeye." He was aboard that vessel when a Tug owned and operated by defendant entered the area where the

"Buckeye" was docked "at excessive rate of speed . . . so as to cause its lead barges to collide with and run over the Tug Buckeye." Doc. no. 1 (notice of removal), Exhibit A (appended state court complaint), ¶¶ 7-8. The Buckeye sank as result of the force of the collision, which breached its hull, and Ricky suffered serious personal injuries.

> The Plaintiff, Ricky L. Thomason, was caused to sustain severe, painful and permanent injuries to his body; the Plaintiff sustain[ed] injuries to his head, neck and back, including ruptured disks at two levels in his lower back; the Plaintiff's injuries are permanent; the Plaintiff has suffered and will continue to suffer in the future much physical pain and mental anguish as a result of his injuries; the Plaintiff has also suffered the lost [sic] of enjoyment of life; the Plaintiff has lost much time from his work as a result of said injuries, causing him to suffer[ ] a loss of earnings, and as a result of said injuries, his wage earning capacity has been greatly diminished; Plaintiff has incurred medical expenses in the treatment of his injuries and will incur medical expenses in the treatment of the same in the future . . . .

*Id*. ¶ 10. Ricky requested compensatory damages for these injuries, but did not specify a dollar amount. The complaint also alleged that Ricky's wife, Leslie Roxanne Thomason, suffered the following injuries as a result of defendant's negligence:

> She has been caused to lose the society, comfort, aid, services, companionship and consortium of her husband, Ricky L. Thomason; she has suffered a disruption of her normal family relationships, as well as her normal family and social life; she has been caused to expend time and effort and care and treatment of the injuries sustained by her husband, Ricky L. Thomason; she has suffered inconvenience and

>mental anguish as a consequence of her husband's injuries; and she will continue to suffer similar injuries and damages in the future.

*Id*. ¶ 13. Mrs. Thomason requested compensatory damages for these injuries, but did not specify a dollar amount. Finally, plaintiffs claimed that defendant's agents were "wanton, and acted with reckless disregard" for the life and safety of Ricky and his fellow crew members, in the operation of defendant's tug and its tow on the date of the collision, and demanded punitive damages on these grounds. *Id*. ¶ 14. Again, however, the complaint did not specify a dollar amount.

Defendant was served with summons and a copy of plaintiffs' state court complaint by registered mail on March 15, 2004. *Id*. (state court case action summary); *see also* doc. no. 5 (affidavit of plaintiffs' counsel with appended evidentiary submissions), at Tab 1.

Defendant neither answered nor filed any other pleading in response to plaintiffs' complaint within thirty days of being served, however. Consequently, on May 5, 2004, some 49 days after service, plaintiffs filed an application for entry of default. *See* doc. no. 5, at Tab 2. Defendant filed a "Motion to Set Aside Entry of Default and Motion for Five Days to Answer" on May 13, 2004. *Id*. Tab 3. That motion was set for a hearing, scheduled to occur on June 29, 2004, *id*. Tab 4, but before that date plaintiffs' counsel consented to defendant's motion. *Id*. Tab 5.

Plaintiffs' counsel has averred in this court that consent was premised upon the following representations:

> Before we could set a hearing for proof of damages and entry of [default] judgment, we were contacted by I. Ripon Britton, Jr. of the Hand, Arendall Law Office in Birmingham and by J. Hodge Alves III, of the Hand, Arendall Law Office in Mobile, advising that they represented Canal Barge Company and requesting that the Plaintiffs consent to setting aside the default. Counsel for Defendant made representations to counsel for the Plaintiffs that if the default were set aside they would move promptly toward an early resolution of the case. The Defendant filed a motion to set aside the entry of default on May 13, 2004, a copy of which is attached as Exhibit "3," in which they represented to the Circuit Court:
>
>> "Counsel for Canal has been in direct contact with plaintiffs' counsel to discuss this case, the underlying facts and pending discovery. The undersigned counsel have pledged their cooperation to plaintiff's [sic] counsel in proceeding forthwith with the proceedings of this matter."

Doc. no. 5 (affidavit of plaintiffs' counsel), at 3. The state court set aside the entry of default on May 24, 2004, *id*. Tab 6, and the parties commenced discovery.

Three months later, on September 2, 2004, defendant removed the action on the basis of this court's diversity jurisdiction. *See* 28 U.S.C. § 1332.[1] The notice of removal alleged that:

> 6. The Complaint (Exhibit A) does not specify the amount of

---

[1] A federal court has jurisdiction over actions between citizens of different states, so long as the citizenship of all plaintiffs is diverse from the citizenship of all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds the statutorily prescribed minimum, currently $75,000. *See* 28 U.S.C. § 1332(a)(1).

damages sought by plaintiffs.  However, on August 24, 2004, counsel for defendants received correspondence from plaintiffs' counsel indicating for the first time that Ricky L. Thomason seeks lost earnings in the amount of $792,160.00 – $1,128,798.00.  (Attached hereto as Exhibit "C").  This figure represents solely the amount of lost earnings sought by Thomason and does not include the medical expenses sought. In short, the amount in controversy in this action clearly exceeds $75,000.00, as first evidenced by plaintiffs' counsel correspondence [sic].  *See Golden Apple Mgmt. Co., Inc. v. GEAC Computers, Inc.*, 990 F. Supp. 1364 (M.D. Ala. 1998).

       *7.  Accordingly, this Notice of Removal is filed within thirty* (30) *days after receipt by defendant*, through service or otherwise, *of a paper for* [sic] *which it may be first ascertained that this case is one which is or has become removable.  See* 28 U.S.C. § 1446(b).

Doc. no. 1, at 2 (emphasis supplied).  Plaintiffs timely filed a motion to remand and a motion for an award of attorneys' fees and sanctions on September 29, 2004.  *See* doc. no. 3.[2]

---

[2] 28 U.S.C. § 1447(c) governs motions to remand.  That statute "specifies two grounds for remanding a removed case:  (1) lack of subject matter jurisdiction; or (2) procedural defect in the removal of the case."  *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1043 (citing *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995); *Florida Polk County v. Prison Health Services, Inc.*, 170 F.3d 1081, 1083 (11th Cir. 1999)).  In pertinent part, § 1447(c) reads as follows:

       A motion to remand the case *on the basis of any defect other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

28 U.S.C. § 1447(c) (emphasis supplied).  Plaintiffs' motion to remand, filed on Sept. 29, 2004, thus was timely.

## II. DISCUSSION

It is axiomatic that the district courts of the United States are courts of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

Removal of an action from state to federal court on the basis of the parties' diversity of citizenship is controlled by 28 U.S.C. §§ 1441(a), 1446. Removal statutes are strictly construed,[3] and a removing defendant bears the burden of proving that federal jurisdiction exists.[4] Here, there is no question that the court could exercise jurisdiction on the basis of the parties' diversity of citizenship and the amount in controversy, *provided* defendant's removal was timely.

A notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth

---

[3] *See, e.g., Miles v. Kilgore*, 928 F. Supp. 1071, 1075 (N.D. Ala. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Fitzgerald v. Seaboard System R.R., Inc.*, 760 F.2d 1249 (11th Cir. 1985)).

[4] *See, e.g.*, *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001)); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citing *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

the claim for relief upon which such action or proceeding is based"; or, if the case stated by the initial pleading does not indicate the action is removable, "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis supplied).[5]

Defendant's argument that its removal was timely is based upon these contentions: the state court complaint did not indicate the action was removable; and the first notice that plaintiffs' damages satisfied this court's jurisdictional amount occurred on August 24, 2004, the date on which defendant received a copy of plaintiffs' economic analysis pegging the present value of Ricky Thomason's future

---

[5] In full text, the quoted statute reads as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

loss of earnings at $792,160 (if calculated at 70% loss of earning capacity) or $1,128,798 (if calculated at 100%).  This court disagrees.

The dispositive question is:  when should defendant's unquestionably able counsel have been able to intelligently ascertain on the basis of their education, training, prior experience, and common sense that this action was removable?

> When the initial pleading fails to provide *at least a clue* that the action is removable, the thirty day period does not begin.  *See Richman v. Zimmer, Inc.*, 644 F. Supp. 540, 541 (S.D. Fla. 1986).  In such a case, *the thirty day time limit for notice of removal begins at the point when the defendant could have intelligently ascertained that the action was removable. Kuhn v. Brunswick Corp.*, 871 F. Supp. 1444, 1446 (N.D. Ga. 1994).  "'[T]he burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion.'" *Id*. (quoting *Kaneshiro v. North Am. Co. for Life and Health Ins.*, 496 F. Supp. 452, 455-456, 462 (D. Haw. 1980)).  Therefore, in the action before this Court, *the Court must determine at what point Defendants could have intelligently ascertained that the action was removable through reasonable scrutiny of the pleadings and facts of the action as it developed in state court*.  Defendants filed their Notice on November 15, 1995, therefore, any date before October 16, 1995, would fall outside of the thirty day period.

*Naef v. Masonite Corp.*, 923 F. Supp. 1504, 1511-12 (S.D. Ala. 1996) (emphasis supplied).

In the opinion of this court, plaintiffs' complaint provided *far more* that just "a clue" that this action was removable when filed in state court; it should have been apparent from first reading that, more likely than not, the amount claimed by

plaintiffs exceeded the jurisdictional threshold. *See, e.g., Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("[W]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.").[6]

The rub, of course, lay in the facts that defendant already was in default in state court, because far more than thirty days had elapsed since it had been properly served

---

[6] Defendant argues that where a complaint makes only "general allegations of personal injury," it may not be facially apparent that damages exceed the federal jurisdictional requirement. The court agrees with defendant's observation, and is in accord with the supporting district court decisions cited by defendant. *See Ransom v. Wal-Mart Stores, Inc.*, 920 F. Supp. 176, 177-78 (M.D. Ga. 1996) (complaint which alleged that plaintiff was "seriously injured," that plaintiff had "incurred medical expenses, lost wages, and endured pain and suffering, both mental and physical," and that plaintiff's husband had suffered "loss of consortium," was insufficient to prove that complaint sought damages in excess of federal jurisdictional amount, then $50,000); *Hitch v. Laws*, No. Civ. A. 00-0226 PS, 2000 WL 1005888, at *3 (S.D. Ala. June 27, 2000) (defendants failed to prove that amount in controversy exceeded federal jurisdictional amount, then $75,000, where they "simply argue[d] that 'the amount in controversy [was] supported by necessary inferences from the Complaint . . .' citing the fact that plaintiffs [sought] damages for personal injury, mental anguish, and emotional distress, and that plaintiffs contend[ed] that defendants acted wantonly") (ellipses in original); *Basso v. United Wisconsin Life Insurance Company*, No. 97-573-CIV-GRAHAM, 1997 WL 401584, at *1 (S.D. Fla. April 27, 1997) (complaint's "vague claim for bad faith damages" insufficient to prove federal jurisdictional amount, then $75,000).

Even so, plaintiffs' complaint alleged *specific* facts which should have put defendant on notice that plaintiffs were seeking damages in excess of $75,000. Ricky Thomason alleged: that he was employed as a seaman on the date of the collision; that he sustained permanent injuries to his head, neck, and back, including ruptured disks at two levels in his lower back; and that he had suffered loss of earnings, and his future wage earning capacity was greatly diminished. These facts alone should have alerted defendant that plaintiffs' claims were fast approaching, if not surpassing, the $75,000 threshold necessary for removal. Ricky Thomason's allegations did not stop there, however. He also claimed damages for past and future medical expenses. He claimed damages for physical pain and suffering, as well as mental anguish. Plaintiffs further sought punitive damages for defendant's alleged, "wanton" misconduct.

and, in the process, the time for removal also had expired. The only course remaining to defendant, therefore, was that of turning a blind eye to the monetary significance of plaintiffs' complaint, and to wait for the propitious moment when some "other paper" was filed or disclosed that could serve as the basis for shouting "eureka."

Even so, this court is not blind to the fact that there were many other junctures after plaintiffs consented to defendant's motion to set aside the entry of default that defendant's able and experienced counsel could have, indeed, should have, ascertained that the action was removable. Each of those junctures is described in the affidavit and evidentiary attachments filed by one of plaintiffs' attorneys (doc. no. 5), and discussed in their supporting briefs (*see* doc. nos. 4 and 11), which this court expressly adopts as an extension of its opinion.

Defendant argues that this court should not consider the value of Leslie Roxanne Thomason's loss of consortium claim in determining whether the case was removable on the face of plaintiffs' complaint.[7] The court need not address this issue. An intelligent assessment of *Ricky* Thomason's claims alone should have made it facially apparent that the action was removable.[8]

---

[7] Doc. no. 8 at 2 and 7, nn. 1 and 5.

[8] In *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316 (11th Cir. 2001), the Eleventh Circuit stated, without discussion, that it was not "facially apparent" from the complaint that damages exceeded $75,000, where:

> [Plaintiff] filed a complaint in the State Court of Fulton County, Georgia, alleging

Defendant therefore had thirty days from March 15, 2004, the date on which it was served with plaintiffs' summon and complaint, to remove the action to federal court. *See Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999) (thirty-day removal period is triggered upon formal service of complaint on the defendant). Defendant did not remove the action until September 2, 2004, over 160 days after service. Plaintiffs' motion to remand, therefore, is due to be granted.

That aspect of plaintiffs' motion seeking the award of attorneys' fees and sanctions is denied, but without prejudice to plaintiffs' right to seek the same relief in state court. An appropriate order will be entered contemporaneously herewith.

DONE this 21st day of December, 2004.

*[signature: Lynwood Smith]*
United States District Judge

---

that she tripped over a curb while entering one of Best Buy's retail stores and sustained injuries as a result of Best Buy's negligence. In addition to permanent physical and mental injuries, the complaint alleges that Williams incurred substantial medical expenses, suffered lost wages, and experienced a diminished earning capacity. The complaint then alleges that Williams will continue to experience each of these losses for an indefinite time into the future. For these injuries, the complaint seeks general damages, special damages, and punitive damages in unspecified amounts.

*Id.* at 1317. The facts of the present case are distinguishable. Ricky Thomason was injured as a result of a catastrophic tugboat collision, not a slip and fall. Furthermore, as discussed in note 6 *supra*, the complaint alleged specific facts about his employment and the nature of his injuries which the plaintiff in *Williams* does not appear to have stated.